IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PHILLIP J. MOSKIOS, JR.,                                    Civ. No. 1:09-CV-00179-CL

                    Petitioner,

                                                            REPORT & RECOMMENDATION

        v.

DON MILLS, Superintendent of Two Rivers
Correctional Institute,

                    Respondent.
_____

CLARKE, Magistrate Judge.

        Petitioner Phillip J. Moskios, Jr. ("Petitioner"), an inmate at Two Rivers Correctional

Institute, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Because all but one of Petitioner's claims are procedurally defaulted, and the remaining claim

does not meet the standards for habeas relief, Petitioner's petition (#28) should be DENIED.

## BACKGROUND

        In 2001, a Multnomah County jury convicted Petitioner of three counts of Sodomy in the

First Degree, one count of Attempted Sodomy in the First Degree, and four counts of Sexual

Abuse in the First Degree for the sexual abuse of his minor daughter ("victim").  Answer Ex.

101. The trial court sentenced Petitioner to 175 months in prison.  Answer Ex. 101.

Petitioner directly appealed his conviction, presenting a single assignment of error: "The trial court erred in excluding [the victim's mother's] threat to prevent appellant from ever seeing [the victim] again if he divorced her." Answer Ex. 103. The Oregon Court of Appeals affirmed without opinion. Answer Ex. 105. The Oregon Supreme Court denied review. Answer Ex. 106.

In 2005, Petitioner filed a petition for post-conviction relief, arguing ineffective assistance of trial and appellate counsel. Answer Ex. 108. The trial court denied relief. Answer Ex. 129-30. Petitioner appealed the judgment, presenting the following three assignments of error:

1.  Trial counsel provided inadequate or ineffective assistance of counsel by (i) failing to file or make an oral motion in limine regarding introduction of prior bad act evidence, (ii) failing to request that the court make a finding on the record that the prior bad act evidence was relevant to a material issue in the proceedings, (iii) failing to request that the court conduct a balancing test on the record weighing the probative value against the prejudicial effect of the evidence; (iv) failing to make objections on the record during the trial when the prosecution repeatedly introduced prior bad act evidence; (v) failing to request a jury limiting instruction regarding the jury's limited consideration of the prior bad act evidence; and/or (vi) referring to the prior bad act evidence in his opening statement and examination of witnesses.

2.  Appellate counsel provided inadequate or ineffective assistance of counsel by failing to raise on appeal the issue of trial counsel's (i) failure to insure that an adequate record was made regarding the

relevancy of prior bad act evidence to a material issue in the proceedings, and (ii) failure of trial counsel to insure that an adequate record was made regarding a balancing test, to determine whether the probative value outweighed the prejudicial effect of the prior bad act evidence.

3. Petitioner was denied due process where the trial court (i) failed to insure that a record was made regarding the trial court's findings that the prior bad act evidence was relevant to a material issue in the proceedings, (ii) failed to insure that a record was made regarding the trial court's findings that the probative value of the prior bad act evidence outweighed the prejudicial effect of the evidence, (iii) failed to provide the jury with a cautionary instruction prior to introduction of the prior bad act evidence and a limited jury instruction regarding the jury's consideration of the prior bad act evidence.

Answer Ex. 131. The Court of Appeals affirmed without opinion. Answer Ex. 135. The Supreme Court denied review. Answer Ex. 134.

In 2010, Petitioner filed a second petition for post-conviction relief in state court, advancing four claims for relief: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, constitutional violation by trial court in failing to create sufficient record, and factual innocence. Answer Ex. 136. The trial court dismissed the petition with prejudice, finding it to be time-barred and successive. Answer Ex. 140. Petitioner appealed the dismissal, presenting a single assignment of error: "The post-conviction court erred by dismissing the petition." Answer Ex. 145. Specifically, Petitioner argued that newly discovered evidence

established his innocence and "[b]ecause actual innocence is a basis for post-conviction relief, and because the evidence of his innocence came to light after the two-year statute of limitations had passed, the post-conviction court erred in dismissing the petition." Answer Ex. 145. The Court of Appeals affirmed without opinion. Answer Ex. 149. The Supreme Court denied review. Answer Ex. 148.

On February 12, 2009, Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254. In 2010, this Court stayed (#20) the petition for the pendency of Petitioner's second post-conviction proceedings in state court. Subsequently, Petitioner amended his petition (#28). The stay was lifted (#30) in 2013.

## DISCUSSION

Petitioner's amended petition asserts five grounds for relief: (1) insufficient evidence and actual innocence, (2) ineffective assistance of trial counsel, (3) ineffective assistance of appellate counsel, (4) deprivation of the right to an adequate process on direct appeal and in state post-conviction proceedings, and (5) violation of the right to present a defense.

## I.    Procedural Default

Before addressing the petition on its merits, the Court must determine whether Petitioner's claims are procedurally barred.

### A.    Legal Standards

Under 28 U.S.C. § 2254(b)(1), a federal court cannot grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State[.]" The rule of exhaustion serves the principles of comity by ensuring states have "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). A

habeas petitioner satisfies the exhaustion requirement by "fairly" presenting his federal claims on direct appeal or through collateral proceedings to the highest state court with jurisdiction to consider them. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Fair presentation requires that a state's highest court has 'a fair opportunity to consider ... and to correct [the] asserted constitutional defect.'" *Lounsbury v. Thompson*, 374 F.3d 785, 787 (9th Cir. 2004) (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)). A habeas petitioner must have presented to the state court both the operative facts and substance of his federal habeas corpus claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Like a petitioner who fails to exhaust state remedies, a habeas petitioner who fails to meet the State's procedural requirements for presenting his federal claims deprives the state court of the opportunity to address those claims. *Coleman*, 501 U.S. at 731-32. However, technically-speaking, a petitioner who defaults his federal claims in state court meets the exhaustion requirement because state remedies are no longer "available" to him. *Id.* at 732. The U.S. Supreme Court mandates that habeas corpus relief be denied as to procedurally defaulted claims, with some limited escape hatches, in order to prevent petitioners from using them to evade the exhaustion requirement. *Id.*; *see also Edwards v Carpenter*, 529 U.S. 446, 451 (2000).

A state prisoner procedurally defaults his available state remedies in one of two ways. First, he may fail to exhaust, or fail to "fairly present," the federal claim to the state court, and the procedural default is caused by the fact that the state court would now find the claims procedurally barred. *Coleman*, 501 U.S. at 735 n.1; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989) (O'Connor, concurring). Also included in this category are those cases in which the petitioner presents his federal claims in a procedural posture in which the claims would not be considered absent special circumstances. *Castille v.*

*Peoples*, 489 U.S. 346, 351-52 (1989). Absent a showing that the state court actually decided the merits of a claim raised in such a procedural context, the claim is procedurally defaulted. *See Chambers v. McDaniel*, 549 F.3d 1191, 1196-97 (9th Cir. 2008).

Second, a federal claim is procedurally defaulted if it is actually raised in state court, but explicitly rejected by the court based upon a state law. *Cone v. Bell*, 556 U.S. 449, 465 (2009). Federal habeas relief is precluded in these cases provided the state law invoked is independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S. at 750; *Cone*, 556 U.S. at 465.

When a petitioner defaults his federal claims pursuant to an independent and adequate state procedural rule, federal habeas corpus review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. In order to demonstrate "cause," a petitioner must show that some objective factor external to the defense impeded his efforts to raise the claim in state court. *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998), *cert. denied*, 525 U.S. 1073 (1999). "Prejudice," in turn, is actual harm resulting from the alleged constitutional violation. *Vickers*, 144 F.3d at 617.

**B.    Analysis**

**i.    First Claim for Relief: Insufficient Evidence and Actual Innocence**

In his first claim for relief, Petitioner asserts that there was insufficient evidence to convict him. However, even if Petitioner argued this issue to a post-conviction court — and Petitioner has not identified any related claims from either post-conviction filing to indicate that he did — the claim is defaulted because Petitioner did not raise it on direct appeal. If a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief,"

a petitioner must fully exhaust the correct avenue. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). In Oregon, most trial errors must be raised on direct appeal. *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). A claim of insufficient evidence is a claim of trial error. *See Myer v. Mills*, No. 08-1032-BR, 2011 WL 1344127, at *4 (D. Or. Apr. 8, 2011). Post-conviction relief is precluded for trial errors that a petitioner fails to directly appeal. *Hunter v. Maass*, 106 Or. App. 438, 441 (1991) ("waiver of the right to have an issue reviewed on appeal precludes post-conviction relief as to that issue") (citing ORS 138.540(1)). To avoid this rule's application, a petitioner must allege and prove that the failure was due to one or more of a few narrowly drawn exceptions, including inadequate assistance of counsel. *Palmer v. State*, 318 Or. 352, 358 (1994). Here, Petitioner does not assert that his failure to directly appeal the alleged trial error was due to any recognized exception. For instance, despite stating numerous claims against legal counsel, he does not allege his attorneys were ineffective for failing to directly appeal the sufficiency of the evidence against him. Accordingly, the Court concludes that Petitioner failed to fairly present his sufficiency of evidence claim in state court and is now procedurally barred from doing so[1].

Also in his first claim for relief, Petitioner alleges that he is actually innocent of the crimes charged. Petitioner raised this same claim in his second post-conviction filing. However, the state court did not consider the claim's merits because it was both successive and time-barred. Because the claim's procedural context prevented the state court from conducting substantive analysis, the claim is procedurally defaulted so long as the state's rejection was based

---

[1] Under Or. Rev. Stat. § 138.071, direct appeals must be filed no later than 30 days after the judgment or order appealed from was entered in the register. Under Or. Rev. Stat. § 138.550(3), all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims no so asserted are deemed waived. Finally, Or. Rev. Stat. § 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days of the Oregon Court of Appeals' decision.

on an independent and adequate state procedural rule. *Coleman*, 501 U.S. at 729–30. A state procedural rule is "adequate" for purposes of preclusion if it is clear, consistently applied, and well-established at the time of a petitioner's purported default. *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005), *cert. denied*, 547 U.S. 1013 (2006). A state procedural rule is "independent" for purposes of preclusion if it is not interwoven with federal law and the state court explicitly invoked the rule as the basis for its decision. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). Where a respondent pleads the existence of an independent and adequate state procedural rule as an affirmative defense, the burden shifts to the petitioner to assert specific factual allegations that demonstrate the inadequacy of the state rule. If the petitioner satisfies this burden, the respondent bears the ultimate burden of proving the rule bars federal review. *Collier*, 408 F.3d at 1284; *Bennett*, 322 F.3d at 586.

The state post-conviction court found that Petitioner's successive petition was untimely and did not fall within the statutory exception to applicable deadlines. Under Or. Rev. Stat. § 138.510(3)(a), a petition for post-conviction relief must be filed within two years of judgment if no appeal is taken, or within two years of final appeal if appeal is taken. These timeframes may be extended where "the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition." Or. Rev. Stat. § 138.510(3)(a). Petitioner has not alleged any facts or presented any arguments to indicate that this rule was unclear, inconsistent, or anything other than well-established. There is nothing to suggest the state did not consistently apply the procedural bar to similarly situated individuals such that Petitioner was not on notice that he needed to raise his claim within specified timeframes. Nor has Petitioner asserted that the state law basis for the decision was in any way interwoven with federal law. Accordingly, Petitioner has not satisfied his burden of

demonstrating the interdependence or inadequacy of the state rule. Petitioner's claim of actual innocence is procedurally barred from federal review. The court considers Petitioner's related invocation of the actual innocence exception to procedural default in section vi below.

### ii.    Second Claim for Relief: Ineffective Assistance of Trial Counsel

Petitioner alleges that trial counsel did not render effective assistance as guaranteed by the Sixth Amendment because counsel failed to (1) inform appellate counsel that there had been a hearing relating to the use of other bad act evidence, (2) object when the court held the hearing off the record, (3) argue that evidence of the victim's mother's animus toward petitioner was admissible to impeach her hearsay statements, (4) have the victim evaluated by an expert in interviewing children about sexual abuse allegations, and (5) have an investigator talk to the victim or have an expert interview or evaluate the victim.

The fourth and fifth claims are raised for the first time in this proceeding and thus have not been fairly presented. *O'Sullivan*, 526 U.S. at 842. Accordingly, Petitioner's claims of insufficient victim evaluation are procedurally defaulted.

Petitioner raised his first claim against trial counsel, regarding insufficient coordination with appellate counsel, in his first post-conviction petition. However, he did not carry it forward on appeal. As such, the state's highest court did not have a fair opportunity to consider the alleged constitutional violation. *Lounsbury*, 374 F.3d at 787. The issue was not fairly presented and is thus procedurally defaulted.

Similarly, Petitioner did not present his third claim, which asserts trial counsel failed to argue that the victim's mother's animus could be used to impeach her hearsay statements, as an assignment of error on post-conviction appeal. The claim is similar to Petitioner's single assignment of error on direct appeal, which asserted that "[t]he trial court erred in excluding [the

victim's mother's] threat to prevent appellant from ever seeing [the victim] again if he divorced her." Answer Ex. 103. However, in Oregon, claims of ineffective trial counsel are cognizable only in post-conviction proceedings and not on direct appeal. *See State v. Smith*, 339 Or. 515, 528 (2005). Furthermore, for purposes of exhaustion, it is not enough that a somewhat similar claim was raised. *Cf. Anderson*, 459 U.S. at 6. Rather, Petitioner must have presented both the factual and legal bases for the federal claim to the state court. *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). Petitioner was required to reference specific federal case law or constitutional provisions and provide a statement of facts entitling him to relief. *Id.* Petitioner failed to do so. The direct appeal did not invoke the Sixth Amendment right to effective counsel. It assigned the error to the trial court, not trial counsel. What's more, in his direct appeal brief, Petitioner quoted a passage from the trial court transcript in which trial counsel argued that the victim's mother's potential bias <u>should</u> be admissible for impeachment purposes — exactly the argument that Petitioner now asserts trial counsel failed to make. Answer Ex. 103, at 9. Because Petitioner failed to submit a legal or factual basis to the state court for this claim, he is procedurally barred from doing so now.

The second alleged error, regarding trial counsel's failure to object to an off-the-record hearing, involves the same general topic as Petitioner's first post-conviction appeal which assigned error to trial counsel's "failure to request a relevancy hearing on the record regarding the admissibility of prior bad act evidence." Answer Ex. 131. Though the two frame the issue slightly differently — with the state appeal contending counsel should have requested a hearing on the record while the federal petition argues counsel should have objected to the off-the-record hearing — the underlying issue is the same. Both address trial counsel's alleged failure to ensure there was an adequate record of the court's ruling on prior bad act evidence. It is true that a

petitioner cannot preserve all potential ineffective assistance claims by raising some in state court. *See Carriger v. Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992). However, this is not a case where Petitioner failed to make clear that he was invoking a federal right or where his appeal was too vague to put the state court on notice of his federal claim. *Robinson*, 595 F.3d at 1103. Indeed, the post-conviction court described the "thrust of Petitioner's claims and arguments" to be "that evidence of prior bad acts (prior convictions, drug use, weapons, domestic violence etc...) was admitted and not objected to in front of the jury, nor mistrial requested, shows ineffective assistance of counsel." Answer Ex. 129. In its Finding of Fact and Conclusions of Law, the post-conviction court acknowledged the "lack of a recording" for an evidentiary hearing was "a surprise to all parties." Answer Ex. 129. By assigning error on appeal to trial counsel's failure to request an on-the-record hearing, Answer Ex. 131, and by carrying that issue forward to the Oregon Supreme Court, Answer Ex. 133, Petitioner alleged sufficient factual and legal bases of his federal claim to the state court. The claim is properly exhausted.

### iii.    Third Claim for Relief: Ineffective Assistance of Appellate Counsel

Petitioner alleges his appellate counsel was constitutionally ineffective because he failed to (1) communicate with trial counsel regarding what issues to appeal, (2) learn from the trial court file that there was a pre-trial hearing regarding the admissibility of other bad acts, (3) seek an agreed narrative statement relating to the hearing, (4) seek a new trial because the hearing transcript was unavailable, (5) attempt to recreate the hearing transcript, and (6) cite federal authorities in arguing that the trial court erred in excluding evidence offered to impeach the victim's mother's statements.

This is the first time Petitioner has argued appellate counsel should have sought a narrative statement regarding the hearing or questioned appellate counsel's legal citations. As

such, Petitioner's third and sixth claims of error against appellate counsel were not fairly presented to the state court and are now procedurally defaulted.

Petitioner did not raise the remaining four claims against appellate counsel as individual assignments of error in his first post-conviction appellate brief. However, he did discuss them in the body of his appeal as well as the body of his petition to the Oregon Supreme Court. Under Or. R. App. P. 5.45(1), the Oregon appellate courts will not consider any matter claimed as an error on appeal unless it is "assigned as error in the opening brief in accordance with this rule." In relevant part, the rule requires:

> (2) Each assignment of error shall be separately stated under a numbered heading. The arrangement and form of assignments of error, together with reference to pages of the record, should conform to the illustrations in Appendix 5.45.
> (3) Each assignment of error shall identify precisely the legal, procedural, factual, or other ruling that is being challenged.

Or. R. App. P. 5.45. By failing to comply with this rule, Petitioner did not present his claims against appellate counsel in a manner that gave the state court the full opportunity to consider their merits.

It is worth noting that the four claims share a similar foundation with one of Petitioner's properly pled assignments of error. Collectively, the current claims allege counsel failed to take certain actions to mitigate the impacts of the unavailable pre-trial hearing transcript. Similarly, in his first post-conviction appeal, Petitioner argued that appellate counsel failed to appeal the issue of trial counsel's failure to ensure there was an adequate record regarding the probative value of prior bad act evidence. Answer Ex. 131. Petitioner's current claims may proceed as exhausted if they are "sufficiently related" to this general claim raised in state court. *Wooten*, 540 F.3d at 1025. The Ninth Circuit has held claims to be "sufficiently related" or "intertwined" when, by raising one, the Petitioner clearly implies the other. *Lounsbury*, 374 F.3d at 788 ("Lounsbury

worded his petition for review as a procedural challenge, but the clear implication of his claim

was that by following a constitutionally defective procedure, the state court erred in finding him

competent. Where the substantive and procedural claims are as intertwined as they are here, we

hold that Lounsbury made a fair presentation to the state courts of his claim that he was not

competent to stand trial."). Petitioner's claims do not meet this standard. Petitioner's post-

conviction claim regarding counsel's failure to appeal did not clearly imply his current claims

regarding counsel's failure to communicate with trial counsel, learn from the trial court file, seek

a new trial, or attempt to recreate a transcript. Though these claims touch on the same general

issue, they are discrete and operate on their own independent factual bases. *Hemmerle v.*

*Arizona*, 495 F.3d 1069, 1075 (9th Cir. 2007) ("in the context of exhaustion ... all operative facts

to an ineffective assistance claim must be presented to the state courts in order for a petitioner to

exhaust his remedies."). Accordingly, Petitioner's claims against appellate counsel are

procedurally defaulted.

### iv.    Fourth Claim for Relief: Due Process

Fourth, Petitioner alleges the Oregon courts denied him meaningful appellate review on

direct appeal and in post-conviction proceedings. Specifically, on direct appeal, Petitioner

argues that he was deprived of the ability to test the correctness of the trial court's ruling on the

admissibility of other bad acts evidence since it was not recorded. In his first post-conviction

appeal, Petitioner raised a similar claim, arguing that he was denied due process when the trial

court failed to make a record of its consideration of the admissibility of prior bad acts evidence.

Answer Ex. 131. However, Petitioner did not mention this error in his underlying petition for

post-conviction relief. Answer Ex. 108. Under Oregon's Post-Conviction Hearing Act, the

statutory collateral civil remedy utilized by Petitioner, relief is available only for claims alleged

in a petition. Or. Rev. Stat. § 138.550(3) ("All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition"); *Bowen v. Johnson*, 166 Or. App. 89, 92-93 (2000). Indeed, "any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." Or. Rev. Stat. § 138.550(3). Because Petitioner did not raise his due process claim in his post-conviction petition, the state court did not have the opportunity to address the claim's merits. The federal court is now similarly barred from doing so.

In the pursuit of post-conviction relief, Petitioner alleges he was denied due process when the second post-conviction court declined to consider his claims on the merits and the state appellate courts affirmed. However, as addressed in section i above, the court rejected Petitioner's second post-conviction petition based on an independent and adequate state procedural rule. *Coleman*, 501 U.S. at 729–30. The claim's procedural context prevented the state court from considering its merits and the claim is now procedurally defaulted.

### v.    Fifth Claim for Relief: Right to Present a Defense

As his final claim for relief, Petitioner argues his conviction and sentence violate the Fifth, Sixth, Eighth, and Fourteenth Amendments because he was prevented from offering evidence to impeach the victim's mother's hearsay statements at trial. Petitioner asserts this amounted to a violation of his right to present a defense. Petitioner raised a somewhat similar issue on direct appeal, arguing that the trial court erred in excluding evidence of bias to impeach hearsay statements. However, Petitioner brought his appeal on strictly state grounds. He did not invoke any federal laws or rights. Accordingly, Petitioner failed to present an adequate legal basis for his federal claim in state court. *Robinson*, 595 F.3d at 1101. Because Petitioner did not

raise his federal right to present a defense to the Oregon courts, his federal claim regarding the violation of that right is procedurally defaulted.

### vi.   Actual Innocence

Federal habeas review is barred as to Petitioner's procedurally defaulted claims unless Petitioner can demonstrate cause for the procedural default and actual prejudice, or show that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner invokes the second option.  He argues that it would be a fundamental miscarriage of justice if he were not permitted to raise his procedurally defaulted claims to this court because he is actually innocent.

Procedural default of available state remedies may be excused on a colorable showing of actual innocence. *McQuiggin v. Perkins*, —— U.S. ——, 133 S.Ct. 1924, 1928 (2013); *House v. Bell*, 547 U.S. 518, 536–37 (2006); *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). In order to escape procedural default and allow this court to move to the merits of Petitioner's claims, Petitioner must demonstrate that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 327); *McQuiggin*, 133 S.Ct. at 1930. Ultimately, the question is whether Petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. Petitioner must support allegations of constitutional error with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup,* 513 U.S. at 324; *House,* 547 U.S. at 537. In assessing the adequacy of Petitioner's

showing, this court must consider all evidence, old and new, incriminating and exculpatory. The court's review is not bound by the rules of admissibility. *House,* 547 U.S. at 538.

Petitioner offers two pieces of new evidence that were not presented at trial:

1. A sworn affidavit, signed approximately nine years after Petitioner's conviction, in which the victim states that she has "a vivid memory of inappropriate sexual contact with an adult male when I was very young" but that she cannot now, nor has she ever been able to, remember his physical features. The victim posits that her maternal grandmother convinced her that her father was the perpetrator and that the victim never drew that conclusion from her own memory. The victim concludes, "Accordingly, my father is innocent of the crimes of which he was convicted, and my contrary testimony, which I believed at the time I gave it, was not true." Reply Ex. 1.

2. A research psychologist's written assessment of what an expert witness would likely testify if the victim's recantation was considered along with the evidence submitted at trial. Reply Ex. 2.

Considered in light of all the evidence, both old and new, with due regard to its reliability, Petitioner's showing of actual innocence is not sufficient to overcome procedural default. Petitioner's new evidence does not demonstrate that he is <u>probably</u> innocent. Generally speaking, "[r]ecantation testimony is properly viewed with great suspicion." *Jones v. Taylor,* 13-36202, 2014 WL 4067217, at *5 (9th Cir. Aug. 19, 2014) (quoting *Dobbert v. Wainwright,* 468 U.S. 1231, 1233 (1984) (Brennan, J., dissenting from denial of certiorari)). "Recanting testimony is easy to find but difficult to confirm or refute: witnesses forget, witnesses disappear, witnesses with personal motives change their stories many times, before and after trial." *Carriger,* 143 F.3d at 483 (Kozinski, J., dissenting). "It upsets society's interest in the finality of convictions, is very

often unreliable and given for suspect motives...." *Dobbert,* 468 U.S. at 1233–34. For these reasons, a witness' "later recantation of his trial testimony does not render his earlier testimony false." *Allen v. Woodford,* 395 F.3d 979, 994 (9th Cir. 2004).

Here, the victim's affidavit is even less probative than most recantation testimony for three reasons. First, recantations by family members have reduced weight and reliability. *Jones,* 13-36202, 2014 WL 4067217, at *6 (citing *House,* 547 U.S. at 552 (noting that testimony by friends or relations of the accused might have less probative value than testimony from disinterested witnesses) and *McCray v. Vasbinder,* 499 F.3d 568, 573 (6th Cir. 2007) (noting that family members might have a personal stake in a defendant's exoneration)). The victim is not a disinterested party. It is entirely possible that Petitioner or other family members pressured to victim to recant. Second, the substantial passage of time between the victim's testimony and recantation, paired with the lack of an explanation for the delay, casts doubt on the recantation's veracity. *Jones,* 13-36202, 2014 WL 4067217, at *6 (citing *Christian v. Frank,* 595 F.3d 1076, 1084 n. 11 (9th Cir. 2010) (noting that a witness' recantation was "especially unreliable given that it was made more than a decade after his original [testimony]") and *McCray,* 499 F.3d at 573 (discounting evidence from witnesses who did not provide a good explanation for why they delayed in coming forward)). Approximately nine years passed between Petitioner's conviction and the victim's recantation. The affidavit does not explain why, after this long delay, Petitioner now believes that her father is innocent and her grandmother manipulated her testimony. Third, the strength of the victim's belief that her father was not her abuser is diminished by her statement that she cannot recall her perpetrator's physical features. The victim does not affirmatively state that she knows her father was not her abuser, only that she now believes it wasn't him. This is not compelling evidence of Petitioner's innocence.

The new evidence presented by Petitioner certainly undercuts the evidence presented at trial.  However, it does not establish that, more likely than not, no reasonable juror would have found Petitioner guilty beyond a reasonable doubt if presented with the victim's recantation in addition to her prior trial testimony. *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 327). Accordingly, Petitioner has not met the high burden of demonstrating actual innocence. Petitioner's procedural default should not be excused.

### vii.    Request for Evidentiary Hearing

Petitioner seeks an evidentiary hearing to determine the reliability of the evidence submitted in support of his actual innocence claim. The decision to grant an evidentiary hearing on issues of actual innocence to excuse procedural default remains at the discretion of the district court under Rule 8(a) of the Rules Governing § 2254 Cases. *Schriro v. Landrigan*, 550 U.S. 465, 469 (2007); *House*, 547 U.S. at 539. Here, an evidentiary hearing is not warranted.  Petitioner has "failed to show what . . . an evidentiary hearing might reveal of material import on his assertion of actual innocence."  *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002); *Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003) (hearing unnecessary when petitioner failed to establish that a hearing would produce evidence more reliable or more probative than that already before the court).  The reliability of the Petitioner's actual innocence evidence is not at issue because, even viewed in the light most favorable to Petitioner, the evidence is not sufficient to establish that it is more likely than not that no reasonable juror would have convicted Petitioner.   Accordingly, Petitioner's request for an evidentiary hearing should be denied.

## II.    Merits of Petition

Petitioner adequately exhausted just one ground for relief: his claim that trial counsel was constitutionally deficient because counsel "failed to object when the court held a hearing relating to the use of other-bad-act evidence off the record or in chambers." The court proceeds to this claim's merits.

### A.    Legal Standards

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is considered "contrary to" established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Instead, habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U.S. at 413). "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

### B.    Analysis

The Oregon post-conviction court denied Petitioner's claim of ineffective assistance of trial counsel. Answer Ex. 129-30. The Court of Appeal affirmed without opinion and the Supreme Court denied review. Answer Ex. 134-35.  Petitioner asserts the state's decision was contrary to established federal law.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. The Supreme Court's ruling in *Strickland v. Washington*, 466 U.S. 668 (1984) sets forth the "clearly established federal law" governing claims alleging ineffective assistance of counsel. *Williams*, 529 U.S. at 390. Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, Petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687; *Williams*, 529 U.S. at 390.

To prove deficiency of performance, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* at 689. This presumption is even stronger when *Strickland* is applied in tandem with § 2254(d). *Harrington*, 131 S. Ct. at 778 (noting it is "even more difficult" to

establish the state's application of *Strickland* was unreasonable under § 2254(d) because both standards are "highly deferential"). "The question under § 2254(d) is not whether counsel's actions were reasonable, but whether there is <u>any</u> reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* (emphasis added). "§ 2254(d) requires a habeas court to determine what arguments or theories supported, or could have supported the state decision; and then to ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with a prior decision of [the U.S. Supreme] Court." *Id.*

This court need not theorize what reasonable arguments could have supported the state's decision because the state court itself gave a sufficient basis for its ruling. The trial court judge, deputy district attorney, and defense counsel all submitted affidavits to the post-conviction court stating that the issue of the admissibility of prior bad acts evidence was argued and ruled on but, unbeknownst to them, was not recorded. Answer Ex. 112-14. The post-conviction court found these affidavits to be "consistent, credible, and compelling." Answer Ex. 129. From them, the court concluded:

> It is also clear that the lack of a recording of this hearing was a surprise to all parties, and unexplainable. Because none was [sic] aware of this fact, defense counsel (trial and appellate) cannot be held to have failed to act appropriately by not supplementing a record there was no reason to know was missing.

Answer Ex. 129.

The court's conclusion is not clearly erroneous. *Wildman v. Johnson*, 261 F.3d 832, 837 (9th Cir. 2001) (defining a judgment as "objectively unreasonable" when it is clearly erroneous). The court reasonably concluded that trial counsel was not constitutionally deficient in failing to object to an off-the-record hearing when no party to the proceeding was aware that it was not recorded. It was reasonable for trial counsel to fail to object to an omission that he had no reason

to know occurred. Petitioner has not offered a sufficient showing on the first *Strickland* prong to support his ineffectiveness claim. This failure alone is sufficient to defeat Petitioner's claim.

Petitioner also falters on *Strickland*'s second prong. To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Williams*, 529 U.S. at 390–91; *Strickland*, 466 U.S. at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Williams*, 529 U.S. at 391 (quoting *Strickland*, 466 U.S. at 694). There must be a substantial likelihood of a different result. *Harrington*, 131 S.Ct. at 789. Here, Petitioner has not established that, if trial counsel had objected, the trial court would have made a different admissibility ruling or the state appellate courts would have invalidated Petitioner's convictions. While it is conceivable, it is not substantially likely that a reasonable doubt would have been established if counsel had objected. Thus, the post-conviction court could have reasonably concluded that trial

/ / /

/ / /

/ / /

counsel's failure to object to the unrecorded nature of the admissibility hearing was not unduly prejudicial. *See id.* at 792. Accordingly, habeas corpus relief should be denied.

## RECOMMENDATION

For the reasons stated above, the amended petition (#28) should be DENIED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of September 2014.

_____
MARK D. CLARKE
United States Magistrate Judge